FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-115 |
| | ) | |
| BEELY ROW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. The Magistrate Judge recommended that Defendant Parson, the Warden of the Treutlen County Detention Center, be dismissed. (Doc. 10). As correctly noted by the Magistrate Judge, *respondeat superior* is not a cognizable theory of liability under 42 U.S.C. § 1983. Id. at 4 (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). In his objections, Plaintiff avers that Defendant Parson should be held liable because he put her on notice of the deficiencies in his health care by filing administrative grievances. (Doc. no. 13, pp. 1-4). According to Plaintiff, Defendant Parson's failure to act upon his grievances is the equivalent of deliberate indifference to his medical needs. Id.

Case 3:05-cv-00115-JFN-WLB   Document 21   Filed 03/13/06   Page 2 of 3

Although Plaintiff argues that Defendant Parson was notified of his medical concerns when he filed grievance reports, the Eleventh Circuit requires a higher threshold of notification to trigger liability of a supervisor under Section 1983. Notification of the abuse to the supervising official "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Because Defendant Parson is not a medical professional, she "must rely upon the decisions of trained professionals concerning the medication and care to be given inmates." Waldrop v. Evans, 681 F. Supp. 840, 848 (M.D. Ga. 1988); see also Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (stating "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands"). In other words, when a supervisory official who is not a medical professional relies upon the judgment of prison medical staff, she cannot "be considered deliberately indifferent simply because [she] failed to respond directly to the medical complaints of a prisoner who was already being treated." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). The notice Plaintiff may have given Defendant Parson of his claims by writing letters or grievances was insufficient to make her personally liable for any failure to provide medical care. See, e.g., Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

2

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court, and Defendant Parson is **DISMISSED**.

**SO ORDERED** this __13__ day of March, 2006.

_____
JOHN F. NANGLE, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA